UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ARTIS FAGINS, on his own
behalf and on behalf of all
similarly situated individuals,

    Plaintiff,

v.   Case No.: 1:21-cv-000034

GATOR GYPSUM, INC. and
EXPRESS SERVICES, INC., d/b/a
EXPRESS EMPLOYMENT
PROFESSIONALS,

    Defendants.
_____/

## DEFENDANT EXPRESS SERVICES, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, EXPRESS SERVICES, INC., ("Express" or "Defendant"), by and through its undersigned counsel, hereby gives its notice of removal of the case styled *Artis Fagins v. Gator Gypsum, Inc., and Express Services, Inc., d/b/a Express Employment Professionals,* Case No.: 2020-CA-002924, currently pending in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, (the "State Court Action"), to the United States District Court for the Northern District of Florida, Gainesville Division. As grounds, Express states as follows:

1.    On or about November 1, 2020, Artis Fagins ("Plaintiff") filed his

Compliant in the State Court Action by filing a Complaint with the Circuit Court for the Eighth Judicial Circuit, in and for Alachua County, Florida initiating the State Court action, which named Express Services, Inc., as a Defendant. The Summons and Complaint were received by Express through a Waiver of Service dated February 11, 2021.[1] Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of all processes, pleadings, motions and orders on file with the State Court Action is attached as **Exhibit A**. No further proceedings have occurred in the State Court Action. A copy of the Notice contemporaneously filed in the Eighth Judicial Circuit, in and for Alachua County, Florida is attached hereto as **Exhibit B**.

2. Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within 30 days after receipt of a copy of Plaintiff's initial pleading.

3. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Florida, Gainesville Division, is the district and division within which the Circuit Court for the Eighth Judicial Circuit in and for Alachua County, Florida, is located.

4. Pursuant to 28 U.S.C. § 1446(d), Express has provided written notice of the filing of this Notice of Removal to Plaintiff and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighth

---

[1] As part of the waiver of service, the parties further agreed to jointly request the District Court to honor the deadline for response to the Complaint of April 12, 2021.

Judicial Circuit, in and for Alachua County, Florida.  See **Exhibit B**.

I.     **FEDERAL QUESTION EXISTS**

5.     This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. §1331, and this action is therefore properly removable under 28 U.S.C. 1441(a).

6.     In applying that statutory provision "[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).

7.     Plaintiff's Complaint arises out of his alleged employment with Defendant. The Complaint alleges violations of the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681 *et seq.* ("FCRA").

8.     Because Plaintiff's Complaint unequivocally alleges causes of action, which fall under the FCRA, this Court accordingly has original federal question jurisdiction over Plaintiff's complaint pursuant to 28 U.S.C. 1331, and as such is properly removable under 28 U.S.C. §1441.

II.    **CO-DEFENDANT SERVICE & REMOVAL STATUS**

9.     The undersigned reviewed the state court docket that does not show any service of Co-Defendant Gator Gypsum.  See **Exhibit A**.

10   Further, the undersigned counsel conferred with counsel for Co-Defendant Gator Gypsum regarding the removal of this action.  As of the filing of the removal, Co-Defendant Gator Gypsum has not been served and has no objection to removal.

WHEREFORE, Express Services, Inc., respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove *Artis Fagins v. Gator Gypsum, Inc., and Express Services, Inc., d/b/a Express Employment Professionals,* Case No.: 2020-CA-002924 from the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, to the United States District Court for the Northern District of Florida, Gainesville Division.

DATED:  February 24, 2021.

        Respectfully submitted,

        */s/ Jennifer Monrose Moore*
        Jennifer Monrose Moore
        Florida Bar No. 35682
        jennifer.moore@ogletree.com
        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, Florida  33602
        Telephone: (813) 289-1247
        Facsimile: (813) 289-6530

        *Attorneys for Defendant Express Services Inc., d/b/a Express Employment Professionals*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2021, I electronically filed the foregoing with the Court's CM/ECF system, and that a true and correct copy of the foregoing was sent via electronic mail to the following:

Marc R. Edelman, Esquire
Morgan & Morgan
201 North Franklin Street, Suite 700
Tampa, Florida 33602
MEdelman@forthepeople.com
*Attorneys for Plaintiff*

                                    */s/Jennifer Monrose Moore*
                                    Attorney

46079783.1